# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIO S. SIBUG, # 353758 | * | |
| Petitioner | * | |
| v | * | Civil Action Case No. CCB-11-2068 |
| STATE OF MARYLAND, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM

Respondents have filed a response seeking dismissal of this 28 U.S.C. § 2254 petition for writ of habeas corpus relief as time-barred or, alternatively, if not time-barred for failure to fully exhaust the claims before the state courts. Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For reasons to follow, the petition will be dismissed as time-barred.[1]

### I. One Year Limitations Period

A one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C. § 2244(d);[2] *Wall v. Kholi*, 131 S.Ct. 1278, 1282-1283 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably

---

[1] Sibug was granted additional time to address why principles of equitable tolling apply and whether the claims presented have been fully exhausted. Petitioner subsequently filed a motion titled "Motion to be Release[Ed] from Unconstitutional, Prolonged, Lawless, Arbitrary Detention of Genocide, Torture, and Systematic Racial Discrimination of the Evil Nazi Totalitarian State of Maryland" (ECF No. 6), which is not responsive.

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

tolled. *See* 28 U.S.C. §2244(d)(2); *see Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). To equitably toll the limitations period, a prisoner must have pursued his rights diligently and some "extraordinary circumstance" must have prevented timely filing. *Id*. at 2562. Sibug does not provide any facts to support equitable tolling in this case. [3]

On September 10, 2008, Sibug was found guilty by a jury sitting in the Circuit Court for Baltimore County of first-degree assault, second-degree assault, and related weapons offenses. On October 31, 2008, he was sentenced to ten years incarceration. Sibug did not appeal his judgment of conviction. Consequently, the judgment became final for the purpose of starting the one-year limitations period on December 1, 2008, when the time for filing a notice of appeal elapsed. *See* Md. Rule 8-202 (notice of appeal must be filed within thirty days of the date of judgment or order

---

(B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[3] To the extent Sibug might intend to raise his pro se status or limited law library access as grounds for equitable tolling, neither has merit. "[E]quitable tolling is available only in 'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003)). To be entitled to equitable tolling, a time-barred petitioner must show "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Id*. Sibug fails to show his pro se status or limited library access constituted extraordinary circumstance or caused his delay in filing. Equitable tolling is not warranted where an unrepresented prisoner alleges a lack of legal knowledge or legal resources. *See Sosa*, 364 F.3d at 512.

from which appeal is taken). The one-year limitations period for filing a § 2254 petition for federal habeas relief expired one year later on December 1, 2009.

Sibug filed this § 2254 motion on July 20, 2011, approximately nineteen months after the limitations period expired.[4] No proceedings were pending in state court during that time to statutorily toll the running of the limitations period. Accordingly, this petition is time-barred.

II. **Exhaustion of State Court Remedies**

If this petition were timely-filed, which it is not, it nonetheless would be subject to dismissal without prejudice for failure to exhaust state remedies. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the

---

[4] The petition is signed and dated July 20, 2011. It was received by the Clerk on July 27, 2011. For the purpose of assessing timeliness of the petition under 28 U.S.C. § 2244(d), it shall be deemed filed when delivered to prison officials on July 20, 2011. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981). On March 8, 2011, Sibug filed a petition for post-conviction relief in the Circuit Court for Baltimore County. The petition for post-conviction relief is still pending before the state court. For this reason, Sibug has yet to fully exhaust his state court remedies.

### III. Certificate of Appealability

The Rules Governing Section 2254 Cases require district courts to issue or deny a certificate of appealability when entering a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Sibug has not made the requisite showing. Accordingly, a certificate of appealability will be denied.

### IV. Conclusion

For the reasons stated, the petition will be dismissed as untimely. A separate order follows.

<u>November 29, 2011</u>    <u>/s/               </u>
Date                                                      Catherine C. Blake
                                                          United States District Judge